UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEFFREY MICHAEL REYNOLDS (#703637)**          **CIVIL ACTION**

**VERSUS**          **NO. 21-182-SDD-RLB**

**STATE OF LOUISIANA, ET AL.**

## ORDER

Before the Court is Jeffrey Michael Reynolds' ("petitioner") *Motion to Slow the Proceedings* (R. Doc. 17) and *Motion to Stay Proceedings and Hold in Abeyance Until State Remedies are Exhausted* (R. Doc. 20). The motion is unopposed as no timely opposition has been filed.

### I. PROCEDURAL HISTORY

On November 20, 2012, the petitioner was charged in the Twenty First Judicial District Court for the Parish of Livingston, State of Louisiana with attempted second degree murder and first degree feticide.[1] The petitioner pled no contest on September 17, 2015 to attempted manslaughter and first degree feticide.[2] He was sentenced on the same day to twenty years without the benefit of probation, parole, or suspension of sentence.[3] After seeking post-conviction relief, the petitioner was granted permission to file an out-of-time appeal with the Louisiana First Circuit Court of Appeal ("First Circuit").[4] The petitioner's counsel filed an Ander's brief,[5] but the petitioner submitted a *pro se* brief arguing that his plea was involuntary.[6]

---

[1] R. Doc. 11-1, p. 12.
[2] R. Doc. 11-3, p. 98-112.
[3] *Id.*
[4] R. Doc. 11-1, p. 115.
[5] *Anders v. California,* 386 U.S. 738 (1967).
[6] R. Doc. 14-4, pp. 8-15; R. Doc. 14-4, pp. 19-23.

The First Circuit affirmed his conviction and sentence on April 6, 2018. *State v. Reynolds*, 2017-1574 (La. App. 1 Cir. 4/6/16), 2018 WL 1686111. By order dated September 28, 2018, the Louisiana Supreme Court refused to consider the petitioner's writ application because it was untimely. *State v. Reynolds*, 2018-1246 (La. 9/28/18), 253 So.3d 152 (Mem).

The petitioner filed a *pro se* application for post-conviction relief at the Twenty-First Judicial District Court on or about January 25, 2018.[7] The petitioner asserted: (1) ineffective assistance of counsel for failure to assert an intoxication defense because he was incapable of specific criminal intent, and (2) his plea was involuntary because the trial court failed to advise him of his right to a bench trial. On June 20, 2009 the trial court denied the petitioner's claims.[8] The First Circuit denied review "on showing made" on August 19, 2019 because he failed to include required documentation. *State v. Reynolds,* 2019-0696 (La. App. 1 Cir. 8/19/19), 2019 WL 3891509. The petitioner timely corrected the deficiencies in his writ application, which raised: ineffective assistance of counsel, involuntary plea, and double jeopardy.[9] The First Circuit denied the application on January 6, 2020, noting that the petitioner had not raised the issue of double jeopardy with the trial court. *State v. Reynolds***,** 2019-1347 (La. App. 1 Cir. 1/6/20), 2020 WL 59807. The petitioner filed a second writ application with the First Circuit on April 9, 2020, reasserting the issues raised in his first application, but also adding a claim that his sentence was excessive. The First Circuit denied the writ application on June 19, 2010. *State v. Reynolds***,** 2020-0325 (La. App. 1 Cir. 6/19/20).[10]

---

[7] R. Doc. 11-3, pp. 158-173.
[8] R. Doc. 11-3, pp. 202-203.
[9] R. Doc. 14-7, pp. 2; 3-86.
[10] It is unclear whether the petitioner filed a second post-conviction application before filing this writ application with the First Circuit.

The petitioner filed a petition for a writ of certiorari with the Louisiana Supreme Court on July 8, 2020. The Louisiana Supreme Court denied review on January 12, 2021, specifically noting that the petitioner failed to show his counsel was ineffective. *State v. Reynolds*, 2021-01757 (La. 2/22/22), 333 So. 3d 438 (mem.).[11]

The petitioner filed a habeas petition with this Court on or about February 18, 2021, asserting (1) involuntary plea because trial court failed to inform him of his right to a bench trial, (2) ineffective assistance of counsel because he was incapable of specific criminal intent, and (3) double jeopardy.

On October 29, 2021 the petitioner filed a *Motion to Stay Proceedings and Hold Claims in Abeyance Until State Remedies are Exhausted* (R. Doc. 20). The petitioner acknowledges in the motion that his double jeopardy claim is unexhausted and advises that "the Louisiana Supreme Court has not yet answered this claim."[12] The petitioner asks the Court to hold his petition in abeyance until his state remedies are exhausted. The petitioner also asks the Court in his *Motion to Slow the Proceedings* (R. Doc. 17) to provide him adequate time to review the record and present his claims.

Subsequently, on February 22, 2022, the Louisiana Supreme Court denied another writ application:

> Applicant fails to show that he pled guilty involuntarily. La.C.Cr.P.art.930.2.
>
> Applicant has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in

---

[11] The Louisiana Supreme Court order mentions a second post-conviction application. Only one post-conviction application, dated January 25, 2018 was included in the state court record provided to the Court.
[12] R. Doc. 20, p. 6.

accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.

*State v. Reynolds*, 2021-01757 (La. 2/22/22), 333 So.3d 438 (mem.).

The petitioner advised the Court on July 27, 2022 that his double jeopardy claim is pending at the Louisiana Supreme Court (R. Doc. 33). Indeed, the case law reflects that the First Circuit denied another writ application on May 20, 2022. *State v. Reynolds*, 2022-0283 (La. App. 1 Cir. 5/20/22), 2022 WL 1598644.

Upon review of the convoluted procedural history of the petitioner's post-conviction proceedings, it appears his federal habeas petition currently includes two exhausted claims: ineffective assistance of counsel and involuntary plea, and one unexhausted claim: double jeopardy.

## II. ANALYSIS

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay habeas corpus proceedings. The Supreme Court noted:

> [W]e held in *Rose v. Lundy* that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims…[W]e imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance…
>
> The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved *Lundy's* total exhaustion requirement …but it also imposed a 1-year statute of limitations on the filing of federal petitions. Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," the filing of a petition for habeas corpus in federal court does not toll the statute of limitations.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed"

4

> petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.
>
> Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case…
>
> [So]me district courts have adopted a version of the "stay-and-abeyance" procedure ... Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

*Id.* at 273-76. (internal citations omitted)

The Supreme Court also cautioned that staying a habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

The complicated history of the petitioner's post-conviction proceedings weighs in favor of granting a stay and abeyance in this case. It does not appear that the concerns about the statute of limitations expressed in *Rhines* apply to the petitioner because of the length of time his post-conviction proceedings have been in continuance. However, the Court cannot be certain. Because the proceedings have persisted in a procedurally unusual manner, the Court is not in possession of a complete record. Furthermore, the comity concerns expressed in *Rhines* do not apply to the petitioner's case. His double jeopardy claim is currently pending at the Louisiana Supreme Court. Any stay in this case will presumably be short-lived, while the parties await a

decision from the Louisiana Supreme Court on the petitioner's writ application on his double jeopardy claim.

Accordingly,

**IT IS ORDERED that** the petitioner's *Motion to Slow the Proceedings* (R. Doc. 17) is **GRANTED;**

**IT IS FURTHER ORDERED that** the petitioner's *Motion to Stay Proceedings and Hold in Abeyence Until State Remedies are Exhausted* (R. Doc. 20) is **DENIED AS MOOT;**

**IT IS FURTHER ORDERED that** the petitioner is to provide the Court with notice of the status of his petition for writ of certiorari with the Louisiana Supreme Court sixty (60) days from the date of this order, or within seven (7) days of the Louisiana Supreme Court's ruling, whichever occurs first.

Signed in Baton Rouge, Louisiana, on .August 4, 2022

                                                                        _____
                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**