UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEFFREY MICHAEL REYNOLDS (#703637)**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**

**CIVIL ACTION**

**NO. 21-182-SDD-RLB**

**ORDER**

Before the Court are petitioner's Motion to Introduce New Evidence to the Record (R. Doc. 40) and Motion to Introduce a Conflict of Interest and Additional Newly Discovered Evidence (R. Doc. 47), wherein the petitioner seeks to have new evidence, pertaining to the defense of involuntary intoxication, considered. Petitioner asserts that if he had proceeded to trial and the jury would have had the new evidence, he would not been convicted[1].

New evidence may be introduced in a habeas proceeding under very limited circumstances. First, there is no freestanding actual innocence claim on federal habeas review. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally-defaulted claim. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, actual innocence is factual innocence, meaning that one did not commit the crime. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner is not arguing that he is actually innocent. If petitioner would have gone to trial, a jury could have acquitted the petitioner based on his intoxication defense, but it would have been because he could not have *legally* formed the

---

[1] The new evidence offered by the plaintiff is a civil suit filed regarding the substances the plaintiff ingested prior to commission of the crime.

requisite specific intent, not because he *factually* did not commit the crime. As such, there is no basis to permit the new evidence to be filed into the record. Accordingly,

**IT IS ORDERED** that the plaintiff's Motions (R. Docs. 40 and 47) are **DENIED**.

Signed in Baton Rouge, Louisiana, on July 27, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**